IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRISTINA SUTTMAN-VILLARS,
an individual,

    Plaintiff,

vs.                                                                     Civ. No. 20-0778 KG/JFR

ARGON MEDICAL DEVICES, INC.,
REX MEDICAL, INC., d/b/a
REX MEDICAL, L.P. and REX
MEDICAL, L.P.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court *sua sponte* on its review of the Complaint (Doc. 1), filed by Plaintiff on July 31, 2020. The Court has a duty to determine whether subject-matter jurisdiction exists. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Complaint, the applicable law, and being otherwise fully advised in the premises, concludes that the Complaint fails to allege the necessary facts of citizenship in order to sustain diversity jurisdiction. Therefore, the Court will order Plaintiff to file a second amended complaint no later than October 1, 2021, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

## BACKGROUND

On July 31, 2020, Plaintiff filed her Complaint. (Doc. 1). The Complaint explicitly states that the basis for this Court's subject matter jurisdiction is diversity of citizenship. *See id.* Plaintiff asserts that she "is a citizen of, New Mexico," that Defendant Argon Medical Devices, Inc. "is a

Delaware corporation that maintains its corporate headquarters and principal place of business in Collin County, Texas," that Defendant Rex Medical, Inc. d/b/a Rex Medical, L.P. "is a Pennsylvania corporation" with its "principal place of business [in] . . . Conshohoken, Pennsylvania," and that Defendant Rex Medical, L.P. "is a partnership organized under the laws of the State of Pennsylvania" and "its general partner [is] Rex Medical, Inc." *Id.* at 1-2. Furthermore, she claims more than $75,000 in damages. *Id.* at 5. While Plaintiff adequately alleges her own citizenship and that of Defendant Rex Medical, Inc., she failed to state the citizenship for all partners of Rex Medical, L.P.

## LEGAL STANDARD

A plaintiff is required to assert the basis of subject matter jurisdiction in her complaint. Fed. R. Civ. P. 8. Additionally, the district court must be satisfied that, indeed, it has subject matter jurisdiction. *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998). Subject matter jurisdiction cannot be waived and thus may be raised by the parties or *sua sponte* at any time. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

## DISCUSSION

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a). Jurisdiction under § 1332 requires diversity of *citizenship*. The party asserting jurisdiction must plead citizenship distinctly and affirmatively; allegations of residence are not enough. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Domicile, the equivalent of state citizenship, requires more than mere residence; domicile exists only when residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

Determining the citizenship of a limited partnership is different from determining the citizenship of a corporation under § 1332. A corporation is deemed to be a citizen of the state in which it is incorporated *and* in which it maintains its principal place of business. *See* § 1332(c). Limited partnerships, however, are citizens of each and every state in which any partner is a citizen. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990) (holding that citizenship of a limited partnership is determined by citizenship of each of its partners, both general and limited).

Here, the facts set forth in the Complaint do not sufficiently establish Rex Medical, L.P.'s citizenship because they address only the *general* partner. That is, the Complaint fails to allege the citizenship of each and every of Rex Medical, L.P.'s partners.

IT IS THEREFORE ORDERED that Plaintiff shall amend her Complaint to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than October 1, 2021.

IT IS FURTHER ORDERED that if such an amended complaint is not filed by October 1, 2021, the Court may dismiss this action without prejudice.

IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE