IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRISTINA SUTTMAN-VILLARS,
an individual,

    Plaintiff,

v.                                                       No. CV 20-0778 KG/JFR

ARGON MEDICAL DEVICES, INC.,
REX MEDICAL, INC. d/b/a,
REX MEDICAL, L.P. and REX
MEDICAL, L.P.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On November 5, 2021, Defendants Rex Medical, Inc., d/b/a Rex Medical L.P. and Rex Medical, L.P. (collectively "Rex"), moved to dismiss Plaintiff Christina Suttman-Villars' claims against them in the Second Amended Complaint (Doc. 36) for failure to plead with specificity and failure to state a claim upon which relief can be granted (Motion). (Doc. 39). Suttman-Villars timely filed her Response in opposition on November 19, 2021. (Doc. 42). Rex did not file a reply and did not file a notice of completion. *See* D.N.M.LR-Civ. 7.4(e) (requiring filing of notice of completion). Failure to file and serve a reply in support of a motion within the time allotted "constitutes consent that briefing on the motion is complete." D.N.M.LR-Civ. 7.1(b). Therefore, the Court considers the matter fully briefed. Having considered the briefing and applicable law, the Court grants-in-part and denies-in-part the Motion.

By way of background, the Court previously dismissed Suttman-Villars' manufacturing defect claims without prejudice, denied motions to dismiss filed by all Defendants under Rules 12(b)(6) and 9(b), and granted Suttman-Villars the opportunity to file an amended complaint to

cure the Rule 8 deficiencies. (Doc. 23). The Court discussed the general factual allegations in that Order and declines to restate the same herein. *Id.*

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In analyzing a Rule 12(b)(6) motion to dismiss, all "well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Santa Fe Alliance for Public Health and Safety v. City of Santa Fe*, 993 F.3d 802, 811 (10th Cir. 2021) (citation omitted). Rule 12(b)(6) requires that a complaint set forth the grounds of a plaintiff's entitlement to relief through more than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Rex alleges the Second Amended Complaint "still consist[s] of overly broad, conclusory allegations of liability against" the Defendants collectively, "without distinguishing the particular allegations pled against each Defendant." (Doc. 39) at 8. Despite filing the instant Motion on behalf of Rex Medical, Inc. d/b/a Rex Medical, L.P., and Rex Medical, L.P., collectively, Rex argues that Suttman-Villars defines "Rex Defendants" too broadly. *Id.*

The Court disagrees. The Second Amended Complaint explains the relationship between the Rex Defendants. *See* (Doc. 36) at ¶¶ 4, 6, 7. While the Second Amended Complaint does allege that co-defendant Argon "was the agent, servant, partner, predecessor in interest, and joint venturer of the Rex Defendants and was at all times operating and acting within the purpose and

scope of said agency," (Doc. 36) at ¶ 9, the remaining paragraphs separately delineate the allegedly offending conduct by Rex and by Argon.

The Second Amended Complaint asserts corporate or vicarious liability between Rex and Argon, (*id.*) at ¶¶ 61-64; identifies specific allegations of negligent conduct by Rex, (*id.*) at ¶¶ 66-67, 72(a)-(f), 73(a)-(d), 74; delineates Rex's separate purported duty and failure to warn in the strict product liability context, (*id.*) at ¶¶ 80-82, 84-86, 90-94; and sets forth individualized assertions against Rex for a strict products liability—design defect claim, (*id.*) at ¶¶ 97-98, 100(a)-(b), 101-103.  The Court finds these allegations pass Rule 12(b)(6) muster and include sufficient specificity under Rule 8.  Accordingly, the Motion is denied as to these claims, Counts I through III.

Count IV, Breach of Implied Warranty of Merchantability and Fitness for a Particular Purpose, Count V, Breach of Express Warranties, and Count VI, Negligent Misrepresentation, do not include allegations against Rex and do not appear to be asserted against Rex.  To the extent Suttman-Villars purports to assert these claims directly against Rex, the Court finds insufficient allegations to state a claim.  The Court, therefore, grants the Motion and dismisses these claims against Rex without prejudice.

IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE